IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY PERKINS )<br>AS THE ADMINISTRATOR )<br>OF THE ESTATE OF )<br>ASIA HEYWOOD, )<br>AND AS HEIR AT LAW )<br>OF ASIA HEYWOOD, AND )<br>MARIO HEYWOOD JR. AS HEIR AT )<br>LAW OF ASIA HEYWOOD )<br>              Plaintiffs, )<br>)<br>v.                             )<br>)<br>TIMOTHY RAUSCHER, )<br>RAUSCHER TRANSPORTATION, LLC )<br>SUCCESS LEASING  INC. )<br>AND )<br>ACE AMERICAN INSURANCE COMPANY )<br>)<br>              Defendants. ) | Case No._____ |

## COMPLAINT

**COME NOW,** the Plaintiffs, Kimberly Perkins, as the Administrator of the Estate of Asia Heywood, and Mario Heywood as heir at law of Asia Heywood, and for their cause of action against the Defendants, Timothy Rauscher, Rauscher Transportation, L.L.C., Success Leasing Inc., and Ace American Insurance Company, allege and state as follows:

## PARTIES

1. Plaintiff Kimberly Perkins is the mother of Asia Heywood and has been appointed the Administrator of the Estate of Asia Heywood. She is also an heir at law and the mother of and brings this wrongful death action in her capacity as both. She is domiciled in Georgia and resides in Covington, Newton County, Georgia.

2. Plaintiff Mario Heywood Jr. is an heir at law and the father of Asia Heywood. He is domiciled in Georgia and resides in Lawrenceville, Gwinnett County, Georgia.

3. Defendant, Timothy Rauscher, is an individual who is domiciled in North Carolina and resides at 3214 Boardwalk Lane, Greenville, Pitt County, NC 27834, where he may be served with process.

4. Defendant Rauscher Transportation, L.L.C. is a limited liability corporation with Timothy Rauscher as its sole member. Defendant Rauscher is domiciled in North Carolina and resides at 3214 Boardwalk Lane, Greenville, Pitt County, NC 27834.

5. Defendant Success Leasing Inc. is a for profit company incorporated in Missouri with its principal place of business in Missouri and may be served by serving its registered agent Steve Crawford at 2740 North Mayfair, Springfield, Missouri 65803.

6. Defendant Ace American Insurance Company is the liability insurance company of the tractor trailer driven by Defendant, Timothy Rauscher, who is properly named in this action pursuant to K.S.A. 66-1,128, and is, by operation of law, jointly liable with Defendant, Timothy Rauscher. Defendant Ace American Insurance Company is a foreign insurance company doing business in the State of Kansas and may be served by serving the Commissioner of Insurance, Vicki Schmidt, at 1300 SW Arrowhead Road, Topeka, KS 66604.

## JURISDICTION AND VENUE

7. Defendants Timothy Rauscher and Rauscher Transportation, L.L.C. have submitted to personal jurisdiction in the State of Kansas by causing an accident on the highway in the State of Kansas while operating a tractor trailer which led to the death of his passenger Asia Heywood.

8. This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C § 1332.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about July 25, 2020, at or about 5:15 p.m., Asia Heywood, deceased, was a passenger in a 2018 Freightliner Truck pulling an empty box trailer (VIN 3AKJHHDR7JSJY1096), driven by Defendant Timothy Rauscher.

11. Defendant Timothy Rauscher was the holder of a Class A commercial driver license issued through the State of North Carolina bearing North Carolina Driver's License number 000032145653.

12. Asia Heywood was employed by Prime Inc. as a driver for which she was paid by a W-2. Prime Inc. directed her to train with Defendant Rauscher as a term of her employment with Prime. Asia Heywood was in the sleeping car of the tractor trailer driven by Defendant Rauscher at the time of the collision.

13. Defendant Rauscher was driving eastbound on I-70 in a storm.

14. At the time Defendant Rauscher lost control of the tractor trailer and rolled it, he was driving through a thunderstorm, and his visibility was extremely impaired due to wind and rain.

15. Instead of pulling off the side of the road and waiting for the storm to pass, Defendant Rauscher continued driving in the storm. Defendant Rauscher lost control of his tractor trailer and ran off the road, flipping the truck.

16. Defendant Rauscher's disregard for hazardous road conditions caused a catastrophic and violent wreck which significantly, severely, and permanently injured Asia Heywood and rendered her a quadriplegic before she ultimately died.

17. At the time of the collision, Defendant Timothy Rauscher was an independent contractor. On November 6, 2018, Defendant Rauscher began leasing to own a tractor trailer from Defendant Success Leasing Inc.

18. At all relevant times, there was in force and effect a liability insurance policy issued by Ace American Insurance Company which insures the tractor trailer being driven by Defendant Timothy Rauscher. Defendant Rauscher and Rauscher Transportation is a public motor carrier. Defendant Rauscher and Rauscher Transportation failed to file the proof of insurance with the Kansas Corporation Commission. However, Defendant Rauscher, Rauscher Transportation, and Ace American Insurance are still subject to K.S.A. 66-1,128 and Ace American Insurance is liable for acts of Defendant Rauscher.

19. Upon information and belief, the worker's compensation carrier for Prime Inc., Old Republic, paid medical and hospital bills and they have a right of reimbursement under K.S.A. 44-504 and this death case is being brought on their behalf to the extent of their lien.

20. The negligent acts and omissions of Defendant Timothy Rauscher were the direct and proximate cause or of the injuries and death of Asia Heywood.

## COUNT I

### NEGLIGENCE OF DEFENDANTS TIMOTHY RAUSCHER AND RAUSCHER TRANSPORTATION, L.L.C.

The allegations of paragraphs one (1) through twenty (20) are realleged and incorporated herein by reference as though fully set forth herein.

21. Defendant Rauscher had a duty to exercise the highest degree of care and ordinary, reasonable care in the operation of the 2018 Freightliner commercial motor vehicle.

22. Defendant Rauscher operated the commercial motor vehicle in a negligent manner and specifically by continuing to travel through adverse and dangerous weather conditions.

23. Defendant Rauscher Transportation is vicariously liable for the negligent acts and omissions of its agent or employee under the doctrine of Respondeat Superior.

24. Defendant Ace American Insurance Company insured the motor carrier vehicle leased by Defendant Rauscher and is liable for the acts and omissions of Defendant Timothy Rauscher and Rauscher Transportation, L.L.C. by operation of law.

25. Without limiting general allegations of negligence, Plaintiffs allege Defendant negligent in one or more of the following ways:

    a. failing to keep a proper lookout,

    b. failure to be aware of weather conditions,

    c. failing to be aware of his surroundings,

    d. failing to give full time and attention,

    e. speeding,

    f. failing to operate his truck in a careful and prudent manner,

    g. failing to maintain the truck under proper control, and

    h. failing to take steps necessary to avoid an accident.

    i. Violating the Federal Motor Carrier Safety Regulations including but not limited to:

        1. 49 CFR 392.14
        2. 49 CFR 392.3
        3. 49 CFR 391.11
        4. 49 CFR 392. 6
        5. 49 CFR 392.7 constituting negligence per se.

26. As a direct and proximate result of the Defendant Timothy Rauscher's negligence,

Asia Heywood suffered grave bodily injury, endured pain and suffering, mental anguish, loss of enjoyment of life, untimely death, loss of wages, and medical bills paid by workers compensation insurance. Plaintiff Perkins is entitled to recover these damages pursuant to K.S.A. 60-1801.

27. As a direct and proximate result of the Defendant Timothy Rauscher's negligence, Plaintiffs suffered the loss of a child, mental anguish, bereavement, loss of filial care and attention, companionship comfort and support. Plaintiffs are entitled to recover these damages pursuant to K.S.A. 60-1901.

## COUNT II

### NEGLIGENCE OF DEFENDANT SUCCESS LEASING INC. FOR NEGLIGENT ENTRUSTMENT

The allegations of paragraphs one (1) through twenty-seven (27) are realleged and incorporated herein by reference as though fully set forth herein.

28. Two months prior to the collision that took the life of Asia Heywood, Defendant Rauscher rolled the tractor trailer he leased from Success Leasing Inc. He was convicted of failure to control his vehicle in the State of Ohio.

29. Despite knowing or should have known of the conviction, Success Leasing Inc. continued to lease the commercial motor vehicle to Defendant Rauscher and operate it on the highway in violation of the Federal Motor Carrier Act.

30. Prior to entering into the lease agreement with Defendant Success Leasing Inc., Defendant Rauscher had many traffic citations. Defendant Success Leasing Inc. knew or should have known of the citations and should not have allowed Defendant Rauscher to lease the commercial motor vehicle and to operate it on public highways in violation of specifically but not limited to, the Federal Motor Carrier regulations 49 CFR 391.23, 49 CFR 25, and 49 CFR 27 constituting negligence per se.

31. Defendant Success Leasing Inc. was negligent in entrusting their dangerous instrumentality, namely the 2018 Freightliner commercial motor vehicle, to Defendant Rauscher.

32. As a direct and proximate result of Defendant Success Leasing Inc. negligently entrusting the commercial motor vehicle to Defendant Rauscher, Asia Heywood suffered grave bodily injury, endured pain and suffering, mental anguish, loss of enjoyment of life, untimely death, loss of wages, and medical bills paid by workers compensation insurance. Plaintiff Perkins is entitled to recover these damages pursuant to K.S.A. 60-1801.

33. As a direct and proximate result of Defendant Success Leasing Inc. negligently entrusting the commercial motor vehicle to Defendant Rauscher, Plaintiffs suffered the loss of a child, mental anguish, bereavement, loss of filial care and attention, companionship comfort and support. Plaintiffs are entitled to recover these damages pursuant to K.S.A. 60-1901.

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendants for an amount in excess of $75,000.00, costs of this action and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/ Kala Spigarelli
KALA SPIGARELLI, #14857
THE SPIGARELLI LAW FIRM
515 N. Broadway
P.O. Box 1449
Pittsburg, KS 66762
(620) 231-1290
(620) 232-6650 FAX
kspig@spigarelli-law.com
***ATTORNEY FOR PLAINTIFFS***

## REQUEST AND DEMAND FOR JURY TRIAL

It is the request and demand of the Plaintiffs that they be granted a jury trial in the determination of this matter and controversy.

/s/ Kala Spigarelli
KALA SPIGARELLI, #14857